IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSE AVALOS-RODRIGUEZ, § § Movant, § § VS. § § UNITED STATES OF AMERICA, § § Respondent. § | No. 4:21-cv-1346-P (No. 4:19-cr-0240-P) |

**OPINION AND ORDER**

Came on for consideration the motion of Jose Avalos-Rodriguez, movant, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, styled "United States v. Jose Avalos-Rodriguez, et al.," and applicable authorities, finds that the motion should be denied.

**I.   BACKGROUND**

The record in the underlying criminal case reflects the following:

On August 14, 2019, movant was named with another in a one-count indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 19.[1] On October 17, 2019, he was named in a two-count superseding indictment charging him in count one with conspiracy to possess with intent to distribute 500 grams or more of a

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-cr-0240-P.

mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). CR Doc. 30. On October 23, 2019, movant entered a plea of not guilty to the charges made by the superseding indictment. CR Doc. 35.

On November 13, 2019, movant and his attorney signed a factual resume, CR Doc. 44, and a plea agreement, CR Doc. 45, which were filed with the Court. Both reflected that movant agreed to plead guilty to count one of the indictment. *Id.* No action was taken with regard to either of those documents.

On December 4, 2019, movant was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 58. On that date, movant and his attorney signed a factual resume setting forth the elements of the offense charged by the superseding information, the maximum penalty movant faced, and the stipulated facts establishing that movant had committed the offense charged. CR Doc. 63. They also signed a plea agreement with waiver of appeal, which also set forth the penalty movant faced along with the admonition that the sentence was wholly within the Court's discretion and that no one could predict what it might be. CR Doc. 64. As part of the plea agreement, the government agreed to move to dismiss any remaining charges and movant agreed to waive his right to appeal or otherwise challenge his sentence except in limited circumstances. *Id.* In addition, movant and his attorney signed a waiver of indictment. CR Doc. 62. Movant entered a plea of guilty to the superseding information. CR Doc. 60. He testified under oath that: he was able to understand the court proceedings through the services of the Court's interpreter; he understood

that the Court would not be bound by any facts stipulated; he understood and waived his right to indictment; he understood the elements of the offense charged by the superseding information and admitted that he committed each of them; he was satisfied with the representation provided by his counsel; he read (or had read to him) and fully understood the plea agreement before signing it; in particular, he had read and understood the waiver of appeal provision; all of the terms of his agreement with the government were set forth in the plea agreement; he voluntarily entered into the plea agreement and his plea of guilty and no one had made any promises or threats to induce him to do so; he understood the penalties he faced and that he could not withdraw his plea if the sentence was more severe than he expected; and he had read and understood the factual resume prior to signing it. CR Doc. 126. The Magistrate Judge issued a report and recommendation that the Court accept the plea. CR Doc. 65. No objections were filed, and the Court accepted the plea of guilty. CR Doc. 68.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 38. CR Doc. 74, ¶ 25. He received two-level enhancements for possession of a firearm and for importation. *Id.* ¶¶ 26, 27. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 33, 34. Based on a total offense level of 39 and a criminal history category of II, movant's guideline imprisonment range was 292 to 365 months. *Id.* ¶ 62. Movant filed objections in the form of sentencing memoranda, CR Docs. 91 & 93, to which the government responded. CR Doc. 98. The Court sentenced movant to a term of imprisonment of 292 months. CR Doc. 110. He appealed, despite having waived his right to do so. CR Doc. 113. The United States Court of Appeals for the Fifth Circuit granted the motion of movant's counsel to withdraw and dismissed the appeal as frivolous. *United States v. Avalos-Rodriguez*, No. 20-10586, 2021 WL 5409247 (5th Cir. Nov. 18, 2021).

## II.     GROUNDS OF THE MOTION

On December 14, 2021, the Clerk received for filing a document that the Court interpreted as a motion under § 2255. Doc. 1.[2] The Court gave movant the warnings required by *Castro v. United States*, 540 U.S. 375, 383 (2003). Doc. 3. Movant filed an amended § 2255 motion on the required form. Doc. 4. Treating the amended motion as a supplement to the original, the Court understands movant to raise three groups of issues. First, he appears to claim that his guilty plea was unknowing or involuntary. Doc. 4 at 5.[3] Second, he contends that he received ineffective assistance of counsel. Doc. 1 at 3–8. And third, he alleges the Court committed multiple sentencing errors. *Id.* at 1–2.

## III.    APPLICABLE STANDARDS OF REVIEW

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and a defendant may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v.*

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3]The reference is to "Page __ of __" reflected at the top right portion of the document and is used because the typewritten page numbers on the form do not reflect the actual page numbers.

*Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a "writ of habeas corpus will not be allowed to do service for an appeal." *Davis v. United States*, 417 U.S. 333, 345 (1974) (internal quotation and citation omitted); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test.

5

*Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

In his first ground, movant alleges that his plea was unlawfully induced or not made voluntarily. He cites as supporting facts that he "had zero (0) knowledge of a superceeding [sic] indictment until presented with new plea deal in court." In addition, he was expecting a sentence of half the amount he received. Doc. 4 at 5. These conclusory allegations are insufficient to state a claim, but even if they were sufficient, the record reflects that movant's plea was knowing, voluntary, and intelligent. The factual resume apprised movant of the charge against him in the superseding information, the penalties he faced, and the elements of the offense. CR Doc. 63. The written plea agreement informed movant that he faced a sentence of five to forty years' imprisonment and that the sentence would be imposed after the Court's consideration of the sentencing guidelines and rested solely within the Court's discretion. CR Doc. 64 at 2–3. The plea agreement reflected that movant's guilty plea was freely and voluntarily made and not the result of force, threats, or promises and that the plea agreement contained a complete statement of the parties' agreement. In particular, it provided that there had been no guarantees or promises from anyone as to what sentence the Court would impose. *Id.* at 4–5. At arraignment on the superseding information, movant confirmed each of these things under oath. CR Doc. 126. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume, plea agreement, and waiver of indictment are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). A defendant who seeks habeas relief on the basis of alleged promises or threats inconsistent with representations he made in open court when entering his plea of guilty e must prove: "(1) the exact terms of the alleged promise [or threat], (2) exactly when, where, and by whom the promise [or threat] was

made, and (3) the precise identity of an eyewitness to the promise [or threat.]" *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant has not met this burden.

Here, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegations to the contrary, he has made no attempt to show otherwise. And he could not show prejudice, as there is no reason outside movant's *ipse dixit* to believe that he would have insisted on going to trial but for the alleged representations of his attorney. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

In his second ground, movant alleges that he received ineffective assistance of counsel. Doc. 1 & 4. Again, his arguments are belied by the record. Movant first contends that counsel was ineffective in failing to object "when the government unilaterally breached the drafted plea agreement signed on 10-17-2019." Doc. 1 at 4. He claims that he did not know that there was a superseding indictment that would have subjected him to life in prison and was pressured into signing a new plea agreement. *Id.* Of course, movant was arraigned on the superseding indictment and entered a plea of not guilty, so he had to know of its existence. CR Doc. 35. Moreover, the plea agreement to which movant apparently refers was not signed by the government or accepted by the Court. CR Doc. 45. In any event, the agreement that was accepted does not differ in any material respect from the proposed agreement. *Compare* CR Doc. 45 *with* CR Doc. 64. Movant does not explain how the government breached any agreement or how he was prejudiced as a result.

As noted, the record does not support the contention that movant was threatened or coerced into pleading guilty. A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated*

*on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of possibilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Again, movant has not shown that but for the alleged ineffective assistance he would have insisted on going to trial. Instead, he argues that he should be allowed to return to court to reinstate his original plea agreement. Doc. 1 at 4–5. And he makes clear that he is not arguing guilt or innocence, *id.* at 3, thus reflecting that he never wanted to go to trial.

Movant also argues that his counsel was ineffective at sentencing by failing to argue "PSI/PSR discrepancies" he identified. Doc. 4 at 5. Contrary to movant's contention, counsel did raise the issue of a mitigating role and argued that purity of the drugs was not a proxy for culpability. CR Doc. 91. In addition, counsel challenged the source of the drugs. CR Doc. 93. Movant does not describe what more his attorney should have done that would have changed the outcome. His conclusory allegations do not meet his burden. *Miller*, 200 F.3d at 282.

Finally, movant vaguely asserts that the Court erred by (1) failing to apply a reduction in sentence for mitigating role, (2) being influenced by the drug purity-based guidelines, (3) imposing an unreasonable sentence, (4) sentencing movant although movant had extreme difficulty understanding the language and implications of the guidelines, and (5) failing to seek argument as to an appropriate sentence. Doc. 1 at 2–3. Movant waived the right to assert these grounds on appeal or otherwise. CR Doc. 64 at 4. Movant cannot present them here. *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). The claims are procedurally barred in any event. *Shaid*, 937 F.2d at 232. And they simply have no merit.

### V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion

under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **31st day** of **August 2022**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE